IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

AGNES J. GLASGOW and )
PHILIP GLASGOW, )
　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　)
vs. ) No. 02-2234MV
　　　　　　　　　　　　　　　)
METHODIST HEALTHCARE-MEMPHIS )
HOSPITALS PLAN 503, METHODIST )
HEALTHCARE, and UNUM LIFE )
INSURANCE COMPANY OF AMERICA, )
　　　　　　　　　　　　　　　)
　　　　Defendants. )

---

## ORDER ON PLAINTIFFS' MOTION TO CONDUCT LIMITED DISCOVERY

---

The plaintiffs, Agnes J. Glasgow and Philip Glasgow, brought this action alleging that Agnes Glasgow's former employer, Methodist Healthcare ("Methodist"), and its insurer, Unum Life Insurance Company of America ("Unum"), wrongfully refused to pay her additional long-term disability benefits equal to ten percent of her pre-disability income in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. They also allege state law claims for breach of contract, violation of the Tennessee Consumer Protection Act, loss of consortium, conversion, fraud, and intentional infliction of emotional distress. Presently before the court is the plaintiffs' motion to take limited discovery. The motion was referred to the United

States Magistrate Judge for a determination.

## FACTS

Agnes Glasgow currently receives long-term monthly disability benefits from Unum in the amount of 50% of her pre-disability monthly income less an offset in the amount of her monthly Social Security benefits. Her benefits will terminate in July of 2006 when she reaches the age of sixty-five.

Agnes Glasgow began working for Methodist in February of 1988. Prior to 1992, Agnes Glasgow was a qualified participant under Methodist's long-term disability plan provided by Provident Insurance Company. In 1992, Methodist changed insurance companies. Effective, October 1, 1992, Agnes Glasgow was enrolled in a long-term disability policy administered by Unum ("the 1992 Plan") which provided monthly long-term disability payments in the amount of 50% of her pre-disability monthly income. In December 1996, a new plan was presented to the employees ("the 1997 Plan"). Under the new plan, in addition to continuing the 50% of base pay long-term disability monthly benefit, participants could "buy-up" an increase in their monthly benefits by 10%, that is, up to 60% of base pay. Agnes Glasgow elected to purchase additional coverage.

Agnes Glasgow applied for disability benefits under the 1997 Plan in August of 1997. Unum approved her for long-term disability benefits in January of 1998, and she received monthly long-term

disability benefits from Unum in an amount equal to 60% of her monthly pre-disability income for a three year period of time.

In 2001, Unum conducted a new evaluation of Agnes Glasgow's long-term disability benefits and determined that the pre-existing condition exclusion in the 1997 Plan precluded her from receiving the 10% additional benefit which she had purchased as part of the "buy-up" in 1997. In January of 1998, Unum ceased paying Agnes Glasgow the additional 10% monthly benefit. Unum determined that it had overpaid Agnes Glasgow in the amount of $18,403.12 but it waived any return of the overpayments.

## ANALYSIS

In their motion to conduct limited discovery, the plaintiffs seek the following discovery:[1]

> 1. To depose by phone Susan Regan and Dr. Sutphen, employees of Unum working in the Atlanta office at the time that decision was made by Ms. Regan in January 1998 that the pre-ex did not apply. Likewise, Plaintiffs seek to depose by phone Elly du Pre, the Unum employee who decided in August 2001 that the pre-ex did apply.
>
> 2. From Ms. Glasgow's former employer, Methodist Healthcare, Plaintiffs would like to depose from the Benefits Office that handles retirement and pension plans, Scott Neal and Latoya Binns.
>
> 3. Any signed amendment on Policy 368753001 that was

---

[1] Plaintiff also seeks permission to submit interrogatories and request for production of documents to Methodist, particularly with respect to paragraphs 34 and 37 of the Complaint.

3

supposed to have been signed Amendment 4 on August 26, 1997.

4. Provident's policy, which was the long-term disability insurance coverage by the employer that covered Agnes Glasgow that was in effect prior to Unum's policy 368753 which became effective in October 1992 which provided long-term disability coverage.

5. Any and all printed material that the employer furnished in 1996 regarding any pre-ex exclusion with respect to the buy-up option.

6. Likewise, plaintiffs are seeking from the employer and administrator the date that the employer and administrator received the Summary Plan Description and the original of the contract that was supposed to take effect in 1997.

(Mem. in Supp. of Pls.' Mot. for Permission to Conduct Limited Disc. at 3, 5.) In support of its request for discovery, the plaintiffs insist that discovery is particularly relevant to the issue of federal common law estoppel which applies in ERISA cases. The plaintiffs argue also that there is a three-year statute of limitations in the Unum policies which should preclude Unum from changing its determination more than three years later and that Unum should be held to have waived the pre-existing condition exclusion because of its determination in 1998 that the exclusion was not applicable. The plaintiffs insist discovery is needed on the issues of estoppel and waiver. The plaintiffs also insist that discovery is needed to determine when the 1997 Plan and any amendments, specifically Amendment 4, went into effect because amendments cannot

4

apply retroactively.

Unum argues that where a district court reviews a termination of benefits, its review is restricted to the administrative record and it may not examine new evidence outside the record. The plaintiffs insist that while the scope of review in this type of ERISA case is normally restricted to the record reviewed by the plan administrator, their "complaint clearly attacks the Administrator's decision on the basis of a lack of due process, as well as bias." (Mem. in Supp. of Pls.' Mot. for Permission to Conduct Limited Disc. at 1.) These two grounds, they argue, allow them to pursue discovery and thus go beyond the administrative record.

Where an ERISA plan gives the plan administrator discretionary authority to determine eligibility of benefits, the decision of the administrator in denying benefits will be reviewed by the courts under a deferential arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Otherwise, review is *de novo*. *Id.*

The Sixth Circuit is clear that in conducting either a *de novo* review or a review under the arbitrary and capricious standard, the reviewing court may only consider evidence presented to the plan administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (noting that when conducting a *de novo* review "the district court [is] confined to the record that was

5

before the Plan Administrator")(citing *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 437 (6th Cir. 1997)) and *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990)); *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996) (noting that "[w]hen conducting a review of an ERISA benefits denial under an arbitrary and capricious standard, [the court is] required to consider only the facts known to the plan administrator at the time he made his decision")(citing *Miller*, 925 F.2d at 986)). *Accord Perlman v. Swiss Bank Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (holding that "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator")(citing *Wilkins*, 150 F.3d at 617-20; *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 63 (2d Cir. 1997); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993); *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1021-27 (4th Cir. 1993) (en banc); *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992); *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184-85 (3d Cir. 1991)). As a general rule, discovery is not allowed in ERISA cases. *Wilkins*, 150 F.3d at 618.

The plaintiffs urge that discovery is proper in this case because of an exception to the general rule. In a concurring opinion in *Wilkins*, Judge Gilman recognized the exception: "The

6

only exception to the . . . principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part" and that "any prehearing discovery at the district court level should be limited to such procedural challenges." *Wilkins*, 150 F.3d at 618-19 (Gilman, J., concurring) (citing *VanderKlok v. Provident Life & Accident Ins. Co., Inc.*, 956 F.2d 610, 617 (6th Cir. 1992)). Although *Wilkins* dealt with a *de novo* review, the rationale is equally applicable in analyzing discovery issues in a review of a denial of ERISA benefits under the arbitrary and capricious standard.

Other district courts of the Sixth Circuit have indicated their willingness to allow discovery in the limited instances described in *Wilkins*, above. *See also Marchetti v. Sun Life Assurance Co. of Canada*, 30 F. Supp. 2d 1001, 1004 (M.D. Tenn. 1998)(a procedural challenge of an administrator's decision, such as allegations of denial of due process and bias, directs the court to consider evidence beyond the administrative record); *Barone v. Unum Life Ins. Co.*, 186 F. Supp. 2d 777, 779 (E.D. Mich. 2002)(adding that additional discovery outside the record is limited to the scope of the procedural challenge made by plaintiff).

7

In *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514 (6th Cir. 1998), the defendant was accused of wrongfully denying health insurance coverage to a plan participant with breast cancer. Healthsource funded the health plan and administered it, which the Sixth Circuit found to be an "actual, readily apparent conflict" of interest and found "procedural peculiarities" in Healthsource's benefit denial review process. *Killian*, 152 F.3d at 521.

Here, the plaintiffs argue that the seek discovery on the lack of due process as well as bias. (Mem. in Supp. of Pls. Mot. for Limited Disc. at 1.) In their memorandum in support of their motion for discovery, the plaintiffs assert that the complaint clearly attacks the administrator's decision on the basis of lack of due process as well as bias. (*Id.*) Plaintiffs point to paragraphs 34 and 36 of the complaint as containing allegations of lack of due process.

Paragraph 34 of the Complaint provides:

Between September and December 4, 2001, Agnes Glasgow through her counsel of record requested certain information from the Defendants, including a request for the entire contract that was supposed to be issued in 1997, but was not issued until 1998 along with any signed amendments that were supposed to be signed on or about August 26, 1997 but was not signed at that time. Request was also made for a copy of the Provident policy and the 1992 and 1997 policies. Request was also made for the entire administrative record. Defendants furnished certain records, but not all the records requested.

8

> Neither the Provident insurance plan nor the signed amendment to Unum policy 368753 was furnished. Unum likewise has refused to furnish the policy issued in 1998 to the present time.

(Compl., ¶ 34.)

Paragraph 36 of the Complaint provides:

> Agnes Galgow states that Unum and the Methodist Healthcare, Plan 503, improperly evaluated her claim in August 2001. Plaintiffs allege that Unum and Methodist Healthcare, Plan 503, did not have the legal authority to issue corrected W-2 forms in August 2001 or thereafter, because the action had already been decided by Unum in January 1998. Unum conducted a pre-existing exclusion review, even though said clause did not apply, and determined that the clause did not apply. Unum either waived that exclusion, or is estopped from questioning that exclusion applied since the decision was made in January 1998. Likewise, Unum violated the three-year statute of limitations set forth in Unum's policy, the ERISA statute and the Tennessee three-year statute of limitations regarding recovery of property damage, in this case, money.

(Compl., ¶ 36.)

The court has carefully reviewed the plaintiffs' complaint filed April 4, 2004, and amended complaint filed April 12, 2004, but does not find any specific allegation of denial of due process or bias. The allegations in paragraphs 34 and 36 of the Complaint do not fall within the exceptions for procedural irregularities noted in *Wilkins* and its progeny. Accordingly, the plaintiffs' motion to conduct limited discovery is denied.

IT IS SO ORDERED this 9th day of November, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 2:02-CV-02234 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Leigh McDaniel Chiles
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jennifer M. Eberle
BASS BERRY & SIMS PLC
100 Peabody Place
Ste. 900
Memphis, TN 38103

Todd P. Photopulos
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT