IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC -2  PM 3: 43

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| AGNES J. GLASGOW and PHILLIP GLASGOW, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 02-2234MV |
| METHODIST HEALTHCARE-MEMPHIS HOSPITALS PLAN 503, METHODIST HEALTHCARE, and UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Ma/v

REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO RECOVER
STATUTORY PENALTY UNDER 29 U.S.C. § 1132(c)(1) FOR FAILURE TO
PROVIDE DOCUMENTS
and
ORDER ON PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD

The plaintiffs, Agnes J. Glasgow and Phillip Glasgow, brought this action alleging that Agnes Glasgow's former employer, Methodist Healthcare ("Methodist"), and its insurer, Unum Life Insurance Company of America ("Unum"), wrongfully refused to pay her additional long-term disability benefits equal to ten percent of her pre-disability income in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. They also allege state law claims for breach of contract, violation of the Tennessee Consumer Protection Act, loss of

1

63

consortium, conversion, fraud, and intentional infliction of emotional distress.

Presently before the court are: (1) the plaintiffs' September 15, 2005 motion to recover the statutory penalty under 29 U.S.C. § 1132(c)(1) against both defendants for the defendants' failure to provide documents, and (2) the plaintiffs' August 22, 2005 motion to supplement the record. Unum insists that it cannot be liable for statutory penalties because it is not the plan administrator and only the plan administrator may be liable under 29 U.S.C. § 1132©. Methodist objects to the imposition of the requested sanctions on it because the plaintiffs, with one exception, submitted their written requests to Unum, not Methodist, and Methodist cannot be liable for the failure to furnish information if no request was made to it. In addition, both defendants take the position that the administrative record should not be supplemented.

The motion for statutory penalties was referred to the United States Magistrate Judge for a report and recommendation,[1] and the motion to supplement the record was referred to the United States Magistrate Judge for determination. For the reasons that follow,

---

[1]The court's September 21, 2005 order of reference states that the motion for statutory penalties was referred for determination. Because the motion is dispositive in nature, however, this court will instead issue a report and recommendation.

it is recommended that the motion for statutory penalties be denied. The motion to supplement the record is granted.

### REPORT AND RECOMMENDATION ON
### MOTION FOR STATUTORY PENALTIES

#### Proposed Findings of Fact

Agnes Glasgow currently receives monthly long-term disability benefits from Unum in the amount of 50% of her pre-disability monthly income less an offset in the amount of her monthly Social Security benefits. Her long-term disability benefits will terminate in July of 2006 when she reaches the age of sixty-five.

Agnes Glasgow began working for Methodist in February of 1988. Prior to 1992, Agnes Glasgow was a qualified participant under Methodist's long-term disability plan provided by Provident Insurance Company. In 1992, Methodist changed insurance companies. Effective October 1, 1992, Agnes Glasgow was enrolled in a long-term disability plan with benefits provided by Unum ("the 1992 Plan"). The 1992 Plan provided monthly long-term disability payments in the amount of 50% of her pre-disability monthly income. In December 1996, a new plan was presented to the employees ("the 1997 Plan") again with benefits provided by Unum. Under the 1997 Plan, in addition to continuing the monthly 50% of base pay long-term disability benefit, participants could "buy-up" an increase in their monthly benefits by 10%, that is, up to 60% of base pay.

3

Agnes Glasgow elected to purchase the additional coverage.  The 1997 Plan provides that the plan administrator is Methodist Health Systems, Inc.  (Unum's Opp. to Pls.' Mot. to Recover Penalty, Ex. A, Unum Policy No. 368753 at ERISA-1.)

Agnes Glasgow applied for disability benefits under the 1997 Plan in August of 1997.  Unum approved her for long-term disability benefits in January of 1998, and she received monthly long-term disability benefits from Unum in an amount equal to 60% of her monthly pre-disability income for a three year period of time.

In 2001, Unum conducted a review of Agnes Glasgow's long-term disability benefits and determined that the pre-existing condition exclusion in the 1997 Plan precluded her from receiving the 10% additional benefit which she had purchased as part of the buy-up in 1997.  In 2001, Unum ceased paying Agnes Glasgow the additional 10% monthly benefit.  Unum determined that it had overpaid Agnes Glasgow in the amount of $18,403.12 but waived any return of the overpayments.

In their motion for statutory penalties, the plaintiffs assert that they are entitled to penalties for the failure of the defendants to produce plan documents, certain medical records, and the factual bases for the denial of additional benefits. Specifically, the plaintiffs allege that they requested the defendants produce the following documents which the defendants

4

failed to produce:

1.   The 1997 Unum policy;

2.   Dr. Brookoff's records and Dr. Spencer's records;

3.   Unum's factual basis for its January 30, 1998
     decision to limit the plaintiff's benefits to two
     years;

4.   The entire administrative record, particularly
     Unum's internal claim guidelines;

5.   The date the 1997 Unum policy was signed and the
     date Unum sent an explanation of the two-year
     limitation of benefits to Methodist employees;

6.   A signed copy of Amendment 4 to the 1997 Unum
     policy;

7.   The Provident policy from 1988-1992 which preceded
     the 1992 and 1997 Unum policy;

8.   The Summary Plan Description for 1992, 1993, 1996,
     and 1997;

9.   All information sent by Unum or Methodist to
     Methodist employees in 1996 explaining the long-
     term disability buy-up option; and

10.  The 1998 Unum policy.

The plaintiffs, by and through their attorney, Eugene C. Gaerig,

made a request to Methodist, the plan administrator, by letter

dated February 16, 1998, for a copy of the 1997 Plan. (Mem. in

Supp. of Pls.' Request for Statutory Penalty at 4.)  When Methodist

failed to respond to the request within thirty days, the plaintiffs

made a second request to Methodist for a copy of the 1997 Plan by

letter dated March 16, 1998.  (*Id.*)  Requests for all the other

documents listed above were addressed to Unum.  (*Id.* at 5.)

## Proposed Conclusions of Law

ERISA requires a plan administrator to provide certain information to plan participants and beneficiaries.  Section 1024(b)(4) imposes the following obligation on the plan administrator:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4).  ERISA defines the term "administrator" as (I) the person specifically so designated by the terms of the instrument under which the plan is operated; or (ii) if an administrator is not so designated, the plan sponsor.  *Id.* § 1002(16)(A).  The term "plan sponsor" is defined by ERISA as "the employer in the case of an employee benefit plan established or maintained by a single employer."  *Id.* § 1002(16)(B).

If a plan administrator fails to provide plan documents upon written request by a plan participant, the plan administrator may be liable, in the discretion of the court, for statutory penalties under 29 U.S.C. § 1132(c).  Section 1132(c)(1) provides:

> Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or

6

refusal results from matters reasonably beyond the
control of the administrator) by mailing the material
requested to the last known address of the requesting
participant or beneficiary within 30 days after such
request may in the court's discretion be personally
liable to such participant or beneficiary in the amount
of up to $100 a day from the date of such failure or
refusal, and the court may in its discretion order such
other relief as it deems proper.  For purposes of this
paragraph, each violation described in subparagraph (A)
with respect to any single participant, and each
violation described in subparagraph (B) with respect to
any single participant or beneficiary, shall be treated
as a separate violation.

29 U.S.C. § 1132(c)(1).  "It is well established that only plan

administrators are liable for statutory penalties under § 1132(c)."

*Caffey v. Unum Life Insurance Co.*, 302 F.3d 576, 584 (6th Cir.

2002)(citations omitted).  Thus, if an insurance company is not the

plan administrator, it cannot be held liable for statutory

penalties for failure to comply with a request for plan documents.

*Id.*

Here, Methodist, not Unum, is the plan administrator according

to the 1997 Plan.[2]  Thus, under the express provisions of §

1132(c), Unum, the insurer, cannot be liable for statutory

_____

[2]Even if the 1997 Plan does not control, Methodist is still
the administrator.  ERISA provides that the "plan sponsor" is the
administrator if the plan does not designate one.  29 U.S.C. §
1002(16)(A).  In the case of an employee benefit plan established
or maintained by a single employer, the plan sponsor is the
employer.  *See id.* § 1002(16)(B); *Caffey*, 302 F.3d at 584-85.  As
a result, the plan sponsor and the administrator would still be
Methodist.

penalties.   Nor can Unum be held liable as a "de facto" plan administrator as urged by the plaintiffs.  In *Hiney Printing Co. v. Brantner*, 243 F.3d 956 (6th Cir. 2001), the Sixth Circuit refused to "expand[] the statutory definition of a plan administrator under ERISA" and specifically rejected the plaintiff's argument that a person or entity other than a plan administrator could be liable for statutory penalties as a "de facto" plan administrator.  *Id.* at 960-61.  *Accord Ross v. Rail Car America Group Disability Income Plan*, 285 F.3d 735 (8th Cir. 2002).  Accordingly, it is recommended that no statutory penalties be imposed upon Unum.

As to Methodist, the plan administrator, the only document the plaintiffs requested from Methodist was the 1997 Unum policy.  All the other requests were directed to and addressed to Unum.  Because the plaintiffs failed to request these documents from Methodist, Methodist cannot be liable for statutory penalties under § 1132(c) for failure to provide the documents.

With respect to the 1997 Unum policy, the plaintiffs did submit two requests in writing to Methodist for a copy of the policy, the first on February 16, 1998, and the second on March 16, 1998.  It is undisputed that Methodist provided a draft of the 1997 Unum policy to Mr. Glasgow on February 26, 1998, and that Methodist advised him on that date that it did not have the complete policy because it had not been signed.  (Mem. in Supp. of Pls.' Request

for Statutory Penalty at 5.)  It is further undisputed that the plaintiffs were provided with a copy of the 1997 Unum policy by Unum on March 23, 1998.  Accordingly, under the circumstances, it is recommended that no statutory penalty be imposed upon Methodist.

It is submitted that the plaintiffs' motion for statutory penalties should be denied and the plaintiffs' claim for statutory penalties under 29 U.S.C. § 1132(c)(1) be dismissed as a matter of law.

<u>MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD</u>

In their motion to supplement the administrative record, the plaintiffs ask that the following documents be produced and included in the record in this case:

1.  Medical records of Dr. Daniel Brookoff and Dr. Judy Spencer regarding treatment of Jackie Glasgow and received by Unum's Atlanta office on January 5, 1998;

2.  A signed copy of Amendment 4 to the 1997 Unum policy;

3.  A copy of the policy issued by Provident Life;

4.  Methodist's "Summary Plan Description of the 1992 Unum Policy";

5.  Methodist's "Summary Plan Description of the 1997 Unum Policy";

6.  All information sent by Unum or Methodist to Methodist employees in 1996 explaining the long-term disability buy-up option;

7.  Information used by Unum to interpret the policy's

9

exclusions and limitations; and

8.    Information about the date the Policy became effective.

These documents, by and large, are the same ones for which the plaintiffs seek the statutory penalty.

Both defendants oppose the plaintiffs' motion to supplement the record on the grounds that the court cannot consider evidence outside the administrative record absent conflict of interest, bias, or a denial of due process on the part of the plant administrator.  This court has previously denied the plaintiffs' request to conduct limited discovery, finding that the complaint fails to include any specific allegations of procedural irregularities such as conflict of interest, bias, or a denial of due process, for which discovery would be appropriate. (Order on Pls.' Mot. to Conduct Limited Discovery, Nov. 9, 2005.)

Even though the discovery sought by the plaintiffs was not warranted, the documents sought are the types of documents to which the claimants would be entitled under the federal regulations. Under the regulations in effect at the time the plaintiff's benefits were terminated, the plan administrator was required during the review process to provide a copy of all "pertinent documents" to the claimant upon request.  29 C.F.R. § 2560.503-1(g)(2000). Pertinent documents are defined as "all plan documents

and other papers which affect the claim." *Bennett v. Unum Life Ins. Co.*, 321 F. Supp. 2d 925, 937-38 (E.D. Tenn. 2004)(quoting 42 Fed. Reg. 27426 (May 27, 1977) and granting plaintiff's document requests for the entire claim file including a copy of any plan documents, summary descriptions, policies, contracts, or other relevant documents concerning the claim). In addition, the current regulations provide that claimants who were denied benefits shall be given access to all "relevant" documents during the review process. 29 C.F.R. § 2560.503-1(h)(2)(iii)(2005). Relevant documents would include any internal memoranda or guidelines used in making the benefit determination. *See id.* § 2560.503-1(m)(8)(2005); *Glista v. Unum Life Ins. Co.*, 378 F.3d 113 (1st Cir. 2004)(applying the new regulations to claims made before January 1, 2002, and finding it appropriate to include the plan administrator's own documents in the administrative record on appeal).

Regardless of whether the plaintiffs' prior requests for these documents were sufficient to justify the imposition of statutory penalties, the plaintiffs have requested the documents now and the documents requested are critical to a determination of whether the denial of benefits was proper. It is crucial to the court's determination to know which plan's preexisting condition exclusion controls and which plan was in effect at the time the benefit claim

11

was made.  If the 1997 Plan had not been signed at the time Jackie
Glasgow made a claim for benefits, then another document may
actually govern the determination of benefits.  *See, e.g., Bartlett
v. Martin Marietta Operations Support, Inc. Life Ins. Plan,* 38 F.3d
514 (10th Cir. 1994) (finding that the benefits enrollment workbook
given to employees constituted the benefit plan for purposes of
ERISA because the summary plan description was not in existence
when the plaintiff's claim arose and was not printed or made
available to employees).  Moreover, these documents, with the
exception of the Drs. Brookoff and Spencer's records, relate to the
governing provisions of the plan and do not constitute new factual
information.  *See, e.g., Rodriquez v. Tenn. Laborers Health &
Welfare Fund,* 89 Fed. Appx. 949 (6th Cir. 2004)(lower court
ordering the defendant to supplement the administrative record with
plan documents and amendments); *Evans v. Am. Express Financial
Corp. Long-Term Disability Plan,* 2003 WL 23126327)(district court
ordered the parties to supplement the administrative record with
copies of plans at issue).  In addition, Drs. Brookoff and
Spencer's records were presented to Unum.  Unum should therefore be
familiar with the contents of all these documents.

Accordingly, the plaintiffs' motion to supplement the record
is granted.  The defendants are directed to supplement the record
by submitting within eleven days of the service of this order the

following documents to the Clerk of Court to be included in the administrative record on appeal:

1. Medical records of Dr. Daniel Brookoff and Dr. Judy Spencer regarding treatment of Jackie Glasgow and received by Unum's Atlanta office on January 5, 1998;

2. A signed copy of Amendment 4 to the 1997 Unum policy;

3. A copy of the policy issued by Provident Life;

4. Methodist's "Summary Plan Description of the 1992 Unum Policy";

5. Methodist's "Summary Plan Description of the 1997 Unum Policy";

6. All information sent by Unum or Methodist to Methodist employees in 1996 explaining the long-term disability buy-up option;

7. Information used by Unum to interpret the policy's exclusions and limitations; and

8. Information about the date the Policy became effective.

If the defendants are unable to provide these documents to be included in the administrative record, then the defendants must explain to the court in writing why they cannot comply with this order.

IT IS SO ORDERED this 1st day of December, 2005.

Diane K. Vescovo

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

13

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 63 in case 2:02-CV-02234 was distributed by fax, mail, or direct printing on December 7, 2005 to the parties listed.

---

Leigh McDaniel Chiles
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Todd P. Photopulos
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Jennifer M. Eberle
BASS BERRY & SIMS PLC
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT