IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| AGNES J. GLASGOW and ) | |
| PHILLIP GLASGOW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No.    02-2234 MaV |
| ) | |
| METHODIST HEALTHCARE-MEMPHIS ) | |
| HOSPITALS PLAN 503, METHODIST ) | |
| HEALTHCARE, and UNUM LIFE ) | |
| INSURANCE COMPANY OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

_____

REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR SANCTIONS
AGAINST METHODIST HEALTHCARE-MEMPHIS HOSPITALS PLAN 503
_____

Before the court is the February 1, 2006 renewed motion of the plaintiffs, Agnes J. Glasgow and Phillip Glasgow, to recover the statutory penalty against defendant Methodist Healthcare-Memphis Hospitals Plan 503 ("Methodist"). Methodist opposes the motion. The motion was referred to the United States Magistrate Judge for a report and recommendation.[1] For the reasons that follow, it is recommended that the renewed motion for statutory penalties be denied.

The plaintiffs filed their original motion to recover the

---

[1]The court's February 6, 2006 order of reference states that the motion was referred for determination.  Because the motion is dispositive in nature, however, this court will instead issue a report and recommendation.

statutory penalty under 29 U.S.C. § 1132(c)(1) on September 15, 2005. That motion was referred to this court. On December 2, 2005, this court issued a report and recommendation, submitting that the plaintiffs' motion for statutory penalties should be denied. Although the district court has not yet adopted the magistrate's December 2, 2005 report and recommendation, neither party filed an objection to the report and recommendation, and the time for doing so has expired.

The plaintiffs base their renewed motion on new documents that were filed with the court by Methodist and Unum pursuant to this court's December 2, 2005 order to supplement the administrative record. In particular, the defendants submitted a copy of Amendment 4 to the 1992 Unum policy, which replaced the 1992 Unum policy with the 1997 Unum policy, and the unsworn declaration of Lisa Laskey, a Unum Contract Specialist. Laskey's declaration states that a copy of Amendment 4, signed by Unum's Register Vincenza Dunn at Portland, Maine on August 26, 1997, was sent to Methodist on August 26, 1997. Plaintiffs now seek the statutory penalty of $110.00 per day from September 29, 1997, thirty days from the date Laskey states Amendment 4 was mailed plus three days for mailing, to January 4, 2006, the date signed Amendment 4 was filed by the defendants.

Methodist opposes the renewed motion because, as this court

2

previously submitted, the plaintiffs did not make a written request to Methodist, the plan administrator, as required by 29 U.S.C. § 1024(b)(4) for the 1997 policy until February 16, 1998, and Unum provided the plaintiffs with a copy of the final version of the 1997 Unum policy on March 23, 1998.  Methodist argues that the plaintiffs have failed to establish any bad faith on the part of Methodist and have failed to show that they were prejudiced. Finally, Methodist argues that the plaintiffs cannot rely on Laskey's declaration because it does not state that Laskey is Unum's records custodian, it is not a sworn statement, it does not indicate that she has personal knowledge of when Amendment 4 was mailed, and it does not include any other information that substantiates Laskey's claim that it was mailed to Methodist on the date she claims.

The court agrees with Methodist.  Laskey's declaration, although offered under penalty of perjury, is not sworn.  Nor does it indicate that she personally mailed the Amendment or that she has personal knowledge that the Amendment was mailed that day or that she has any basis whatsoever for the statement.  The court therefore recommends that this aspect of Laskey's declaration be disregarded.

In addition, Amendment 4 is only a one-page document that states that Methodist's earlier policy, No. 368753001, is replaced

with Policy No. 368753001, effective January 1, 1997, and the entire 1997 policy is attached to Amendment 4. The 1997 policy itself reflects an effective date of January 1, 1997. In addition, as this court previously found, Methodist provided a draft of the 1997 Unum policy to Mr. Glasgow on February 26, 1998, within ten days of his first written request to Methodist for a copy of the 1997 policy, and Methodist supplemented it with the final version on March 23, 1998.

In the December 2, 2005 report and recommendation, this court recommended that the plaintiffs' motion to recover statutory penalties against Methodist be denied because the plaintiffs received a copy of the 1997 policy within one month of its first written request for it. Imposition of sanctions is within the court's discretion. Failure of Methodist to provide a signed copy of Amendment 4, assuming that Methodist even had a signed copy, did not prejudice the plaintiffs in any way.

Because the parties did not timely object to this court's December 2, 2005 report and recommendation and because Laskey's declaration should be disregarded, it is again recommended that the court adopt the magistrate's December 2, 2005 report and recommendation, deny the plaintiffs' renewed motion for sanctions, and dismiss the plaintiffs' claim for statutory penalties under 29 U.S.C. § 1132(c)(1) as a matter of law.

4

**Respectfully submitted this 8th day of March, 2006.**

      <u>s/ Diane K. Vescovo</u>
**DIANE K. VESCOVO**
**UNITED STATES MAGISTRATE JUDGE**